IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS DEMARTINO,                          Case No. 6:12-cv-01098-AA
                                              OPINION AND ORDER
            Plaintiff,

      v.

MARION COUNTY, a political
subdivision and body politic
of the state of Oregon; KEVIN
RAU, Deputy and individual
capacity; CITY OF SALEM
(OREGON), public corporation;
SALEM POLICE DEPARTMENT; JASON
DONNER, Official and individual
capacity; SALEM KEIZER SCHOOL
DISTRICT; ROLLAND HAYDEN, vice
principal at NHS; DEBORAH KAYE
HULST;

            Defendants.
_____

Thomas D. DeMartino
7182 S.E. Darling Street
Salem, Oregon 97317
      Pro se plaintiff

Kirstin E. Lurtz
Marion County Legal Counsel
555 Court Street N.E.
P.O. Box 14500
Salem, Oregon 97309
      Attorney for defendants Marion County and Kevin Rau

Kenneth S. Montoya
City of Salem Legal Department
555 Liberty Street S.E., Room 205
Salem, Oregon 97301
      Attorney for defendants the City of Salem, the Salem Police
      Department, and Jason Donner

Page 1 - OPINION AND ORDER

Kim E. Hoyt
Rebekah R. Jacobson
Garrett Hemann Robertson P.C.
1011 Commercial Street N.E.
P.O. Box 749
Salem, Oregon 97308
     Attorneys for defendants the Salem Keizer School District
     and Rolland Hayden

Deborah Kaye Hulst
4285 Campbell Drive S.E.
Salem, Oregon 97317
     Pro se defendant

AIKEN, Chief Judge:

        This is yet another in a long line of lawsuits instituted by

plaintiff Thomas DeMartino against the government and its

employees.   In the instant case, plaintiff filed a complaint

against defendants Marion County ("County"), the City of Salem

("City"), the Salem Police Department[1], Kevin Rau, Jason Donner,

Rolland Hayden, and Deborah Hulst ("Hulst"), alleging violations of

his and his minor child's constitutional rights.

        The County and Rau move to dismiss plaintiff's claims pursuant

to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6); Hayden

and the District also move to dismiss plaintiff's claims.   In

addition, plaintiff filed two motions for summary judgment pursuant

to Fed. R. Civ. P. 56, as well as a motion for default against the

County and Rau.   In response, the City and Donner filed a cross

motion for summary judgment.   For the reasons set forth below,

---

[1] The Salem Police Department "is not a separate entity from
the city itself and thus not amendable to suit." Keller v. City
of Portland, 1998 WL 1060222, *3 (D.Or. Nov. 13, 1998).
Accordingly, the Salem Police Department is dismissed as a
defendant from this action.   Due to plaintiff's pro se status,
however, the Court will construe any allegation against the Salem
Police Department as though it was asserted against the City.

Page 2 - OPINION AND ORDER

defendants' motions are granted and plaintiff's motions are denied. This case is dismissed.

**BACKGROUND**

On August 25, 2011, plaintiff's ex-wife, Hulst, filed an affidavit with the Marion County Circuit Court, in which she asserted that plaintiff had wrongfully retained custody of their minor child, JWD, since August 17, 2011. At that time, Hulst had sole physical custody of JWD. In response to Hulst's affidavit, the Marion County Circuit Court issued an Order of Assistance ("Order"). Accordingly, at approximately 5pm on August 26, 2011, two law enforcement officers, defendants Donner and Rau, arrived at North Salem High School to execute the Order and return JWD to Hulst's custody.

Donner and Rau initially approached defendant Hayden, the vice principal, regarding JWD's whereabouts. JWD was at football practice; accordingly, Hayden accompanied Donner and Rau to the football field and introduced them to JWD. Donner and Rau then questioned JWD, who informed them that he was not being held against his will and that he preferred to stay with plaintiff due to a domestic incident that recently occurred at Hulst's residence.

Nevertheless, Donner and Rau conducted JWD to Hulst, who was waiting in her vehicle. Plaintiff witnessed these events and approached the officers, at which time Donner and Rau provided plaintiff with a copy of the Order. Because JWD refused to comply with the Order, Donner and/or Rau grabbed his arm and physically escorted him into Hulst's vehicle. Once inside, JWD immediately

got out of the car and began to walk towards plaintiff; Donner and Rau used force to escort JWD into Hulst's custody for the second time. The officers also blocked plaintiff from physically interfering with JWD and Hulst. Once JWD was again inside the vehicle, Donner and Rau instructed Hulst to drive off of the school premises.

At approximately 6pm on August 26, 2011, Hulst let JWD out of her car on the side of the highway; she later called the police to report that JWD was being violent towards her and had run away. By the time Officer Dawson[2] arrived at Hulst's residence to investigate her report, JWD had returned to his mother's custody.

On June 19, 2012, plaintiff filed a complaint in this Court, alleging that defendants deprived him and JWD of their Fourth Amendment rights[3] in violation of 42 U.S.C. § 1983. That same day, plaintiff also filed an application to proceed in forma pauperis ("IFP"), which this Court granted. Plaintiff did not provide any contact information, beyond a general address, when filing his complaint or IFP application; accordingly, the parties have been unable to confer in accordance with LR 7-1 regarding the present motions.

### STANDARDS

---

[2] Officer Dawson is not named as an individual defendant in this action.

[3] Plaintiff also alleges that defendants violated his and JWD's First and Fourteenth Amendment rights; however, plaintiff has not alleged any specific facts that would support a cause of action under either of these amendments.

Page 4 - OPINION AND ORDER

Where plaintiff effectuates insufficient service of process, the court must dismiss the action. Fed. R. Civ. P. 12(b)(5). When defendant challenges service, plaintiff bears the burden of establishing the validity of that service. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Similarly, where plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purposes of a motion to dismiss, the complaint is liberally construed in favor of plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Bacca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an

issue determines the materiality of a fact. T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

### DISCUSSION

Defendants move to dismiss plaintiff's complaint under four theories. First, the County and Rau assert that service of process did not follow Fed. R. Civ. P. 4 and, thus, dismissal is proper. Second, because several of plaintiff's claims only relate to JWD, defendants contend that plaintiff does not have standing. Third, the Salem Keizer School District ("District") argues that plaintiff failed to plead the requisite elements of a claim under 42 U.S.C.

Page 6 - OPINION AND ORDER

§ 1983. Fourth, the individually named defendants assert that, because their actions were reasonable, they are entitled to qualified immunity.

Plaintiff contends that he has standing because: (1) "ORS 30.765 specifically allows a parent to legally act on behalf of a minor child"; (2) "[m]inor child has standing with Thomas D. DeMartino, as of June 30, 2008, [when] Marion county body politic was placed on Notice of Thomas D. DeMartino's affinity with the Sovereign *ecclesia domestica*, the Domestic Church"; and (3) the "violations of defendants equally occurred upon Plaintiff, separately." Pl.'s Mem. in Supp. of Mot. Summ. J. ¶ 26; Pl.'s Resp. to County's Mot. Dismiss ¶¶ 2-3 (emphasis in original).[4] Plaintiff also argues that a default judgment should be entered against Rau and the County because they did not respond to his complaint in a timely manner. In addition, plaintiff contends that he is entitled to summary judgment because JWD told defendants that he wanted to stay with his father, such that defendants knew that the Order was false.

This Court finds the issue of standing dispositive as to plaintiff's second, third, fourth, and sixth claims. In addition, plaintiff's first, fifth, and seventh claims fail at the pleadings level and as a matter of law. Therefore, the Court declines to address the parties' other arguments. Nonetheless, it should be

---

[4] Plaintiff does not include page numbers on his numerous filings; accordingly, when citing plaintiff's complaint or briefs, the Court will refer to the name of the document, the claim heading, and the paragraph number whenever applicable.

noted that plaintiff cannot state a claim against the District because he failed to allege the existence of a policy or custom that was the moving force behind the constitutional violation at issue. See Funez ex rel. Funez v. Guzman, 687 F.Supp.2d 1214, 1224 (D.Or. 2009) (citations omitted); Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999) (citation omitted).

I.    Standing

Plaintiff's second, third, and fourth claims allege that Hayden watched Rau and Donner enforce an invalid Order to return JWD to the physical custody of Hulst, in violation of JWD's Fourth Amendment right to be free from unreasonable seizures.    In addition, in his sixth claim, plaintiff alleges that Officer Dawson "slandered JWD repeatedly" by telling him that "'you're going to juvie'" and by calling him a "'disrespectful punk.'" Compl., Sixth Cause of Action.

Despite his assertion to the contrary, these allegations do not articulate any facts indicating that plaintiff's individual constitutional rights were violated by defendants; rather, these claims accrue only to JWD.    Yet JWD is not named as a plaintiff in this action and has not appeared via a duly appointed representative.    Therefore, plaintiff lacks standing to pursue these claims for two distinct, but interrelated, reasons.

First, it is well-established that "a guardian or parent may not bring suit in federal court on behalf of a minor without first retaining an attorney." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citing Johns v. Cnty. of San Diego, 114

Page 8 - OPINION AND ORDER

F.3d 874, 876 (9th Cir. 1997)). Plaintiff is correct that an adult litigant may represent him or herself in federal court without counsel; plaintiff is further correct that, while a minor is prohibited from representing him or herself, a parent or guardian ad litem may be appointed to act on behalf of that minor. See 28 U.S.C. § 1654; Fed. R. Civ. P. 17(c). Nevertheless, the

> choice to appear pro se is not a true choice for minors who . . . cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others. It goes without saying that it is not in the interest of minors [to] be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

Johns, 114 F.3d at 876-77 (citation and internal quotation omitted). Therefore, because the complaint in this case was not filed on JWD's behalf by a guardian ad litem or duly authorized attorney, plaintiff's second, third, fourth, and sixth claims are dismissed.

These claims are also dismissed because plaintiff's allegations are not premised on his own legal rights or interests. "As a general rule, a third-party does not having standing to bring a claim asserting a violation of someone else's rights." Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1050 (9th Cir. 2009) (citation omitted). An exception exists where, "among other things, there [is] some hindrance to the third party's ability to protect his or her own interests." Id. (citation and internal quotations omitted). Here, because these claims are premised upon the allegedly wrongful seizure that JWD suffered pursuant to the

Page 9 - OPINION AND ORDER

Order, and because plaintiff failed to demonstrate that JWD is unable to be his own advocate, this Court lacks subject-matter jurisdiction due to prudential limitations. See, e.g., Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 15-17 (2004) (father lacked prudential standing to bring a claim against a school district on behalf of his minor daughter).[5]

Finally, neither Or. Rev. Stat. 30.765 nor plaintiff's status as an "ecclesia domestica" confer standing in this case. Section 30.765 merely renders parents liable for damages caused by their minor children's torts; contrary to plaintiff's assertion, this provision simply does not provide standing to a parent to sue on behalf of their minor child in federal court. See Or. Rev. Stat. 30.765. Moreover, the fact that JWD has "standing" in plaintiff's church is irrelevant for the purposes of determining whether this Court has jurisdiction over the claims at issue. Simply put, federal courts are courts of limited jurisdiction and plaintiff fails to provide this Court with any basis allowing him to assert these claims on behalf of JWD without the aid of an attorney.[6]

---

[5] The Ninth Circuit acknowledged in Elk Grove that it may not be appropriate for a federal court to hear cases, such as this one, that involve "elements of domestic relations," even where divorce, alimony, or child custody are not solely at issue; rather, issues of domestic relations are generally within the province of the state courts. See Elk Grove, 542 U.S. at 12-13.

[6] Plaintiff's reliance on Winkelman for the proposition that parents can bring claims on behalf of their minor children in federal court without an attorney is misplaced. See Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007). Winkelman held that, because parents enjoy independent rights under the Individuals with Disabilities Act ("IDEA"), they are entitled to prosecute claims on their own behalf under that statute. Id. at 517-18. Here, unlike the IDEA, neither 42

Accordingly, defendants' motions are granted as to plaintiff's second, third, fourth, and sixth claims and plaintiff's motions are denied.

## II.  Remaining Claims

Plaintiff's first claim is for civil perjury; plaintiff's fifth claim is a conspiracy claim, and his seventh claim is for harassment.

### A.  Civil Perjury Claim Against Hulst

Plaintiff first alleges that Hulst lied by stating in a sworn affidavit that "[p]laintiff held minor child against his will [and] that he had been away from her residence since August 17."[7] Compl., First Cause of Action ¶ 3.  Hulst is not represented in this action.  While she has made an appearance in this lawsuit, unlike the other defendants, she has not formally sought dismissal.

Nonetheless, the court must dismiss an IFP complaint sua sponte if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); see also Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (a "trial court may dismiss a claim sua sponte under Fed. R.

---

U.S.C. § 1983 nor 42 U.S.C. § 1985 provide litigants with an exception to the general rules surrounding standing.

[7] The Court construes this as a claim for civil perjury; however, plaintiff also seems to assert that Hulst's false affidavit violated his constitutional rights.  Because it is unclear how Hulst's actions were effectuated under the color of state law, the Court declines to address this claim further.  See Am. Mfg. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999) ("merely private conduct, no matter how discriminatory or wrongful" is generally not actionable under 42 U.S.C. § 1983).

Civ. P. 12(b)(6) . . . Such dismissal may be made without notice where the claimant cannot possibly win relief").

That is precisely the case here. "[T]here is no civil cause of action for perjury; it is a criminal offense." <u>Staton v. BAC Home Loans Servicing, L.P.</u>, 2012 WL 1624296, *11 (D.Or. May 5, 2012) (citations and internal quotations omitted); <u>Moore v. Chambers</u>, 2012 WL 5182806, *5 (D.Or. Oct. 1), <u>adopted by</u> 2012 WL 5051795 (D.Or. Oct. 18, 2012); <u>see also</u> Or. Rev. Stat. §§ 162.055, 162.065, 162.075 (Oregon perjury statutes are criminal in nature). As such, plaintiff is unable to state a claim for civil perjury because no such cause of action exists. Therefore, plaintiff's first claim is dismissed.

B.    <u>Conspiracy Claim Against the City, the County, Donner, and Rau</u>

In his fifth claim, plaintiff alleges that the Marion and Salem County Sheriffs' departments, including Donner and Rau, engaged in a conspiracy to deprive him and JWD of their constitutional rights by "agree[ing] to act on the 'warrant equivalent' by force, and that 'the vehicle has to drive away with JWD.'" Compl., Fifth Cause of Action ¶ 1.

As an initial matter, the Order mandates that any "law enforcement agency having jurisdiction where the child [is] located <u>shall use reasonable means and force</u> to recover custody." Pl.'s Mem. in Supp. of Mot. Summ. J., Ex. 1 (emphasis added). Thus, the actions that plaintiff alleges as the basis of his conspiracy claim are plainly authorized by the express terms of the Order.

Page 12 - OPINION AND ORDER

Moreover, to establish a conspiracy claim under 42 U.S.C. §
1983,[8] "an agreement or meeting of the minds to violate . . .
constitutional rights must be shown." Woodrum v. Woodward Cnty.,
866 F.2d 1121, 1126 (9th Cir. 1989). Here, plaintiff merely
alleges that the officers' use of force constituted "a conspiracy
to deprive civil rights by two desperate agencies." Compl., Fifth
Cause of Action ¶1. This vague and conclusory statement is
insufficient to demonstrate the existence of an agreement or
meeting of the minds between Donner and Rau. Therefore, plaintiff
fails to state a claim for conspiracy.

Finally, to the extent that plaintiff alleges that his
constitutional rights were violated when Rau or Donner blocked him
from interfering with JWD's attempt to avoid placement in Hulst's
custody, his claim is dismissed. A "seizure occurs when there is
a restraint on liberty to the degree that a reasonable person would
not feel free to leave." United States v. Summers, 268 F.3d 683,
686 (9th Cir. 2001), cert. denied, 534 U.S. 1166 (2002). Such a
seizure "violates the Fourth Amendment if it is objectively
unreasonable under the circumstances." Santos v. Gates, 287 F.3d
846, 853 (9th Cir. 2002). Thus, this brief interaction between one
or both officers and plaintiff is inadequate to qualify as an

_____

[8] While not explicit, plaintiff also appears to assert this
claim pursuant to 42 U.S.C. § 1985. See Compl. ¶¶ 4-5.
Plaintiff, however, failed to allege any facts that would cause
these allegations to fall within the ambit of this statute, which
prohibits conspiracies to prevent interference with the discharge
of official duties, access to federal courts, or deprivation of
equal protection of the laws. See 42 U.S.C. § 1985; see also
Bagley v. CMC Real Estate Corp., 923 F.2d 758, 763 (9th Cir.
1991), cert. denied, 502 U.S. 1091 (1992).

Page 13 - OPINION AND ORDER

unreasonable seizure for Fourth Amendment purposes. At the time these events transpired, Rau and Donner were carrying out a facially valid Order that authorized the use of reasonable force; further, plaintiff has not alleged facts demonstrating that his liberty was restrained to the point where he reasonably did not feel free to leave. In fact, while difficult to decipher, it appears as though plaintiff did leave immediately after Donner and/or Rau blocked his passage towards JWD. See Compl., Fifth Cause of Action ¶ 4. Therefore, plaintiff's motions are denied and defendants' motions are granted as to this claim.

C.    Harassment Claim Against the City

Plaintiff's seventh and final claim alleges that "Municipal Judge Jane Aiken, sister of Chief Judge Ann Aiken, sent harassing mail to Plaintiff to have jury duty when Plaintiff does not live within the city limits, and of the 40 years living in Marion county, Plaintiff was never called for jury duty for the city of Salem, except while a federal case was under advisement." Compl., Seventh Cause of Action.

Plaintiff's claim is wholly without merit and dismissed for three reasons. First, plaintiff's allegations are vague and conclusory. Second, plaintiff has not cited to, and the Court is not aware of, any authority that supports a cause of action for harassment based upon the issuance of a jury summons. Third, even if such a claim existed, judges are absolutely immune from liability for damages for acts committed within their judicial jurisdiction, even if "the action [she] took was in error, done

Page 14 - OPINION AND ORDER

maliciously, or was in excess of [her] authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Therefore, plaintiff is unable to state a claim for relief arising out of Judge Jane Aiken's actions. Accordingly, plaintiff's motions for summary judgment are denied as to this claim and the City's motion is granted; plaintiff's seventh claim is dismissed.

## CONCLUSION

Plaintiff's motions for summary judgement (docs. 28, 32) are DENIED. Plaintiff's motion for default judgment (doc. 27) is also DENIED. The District's and Hayden's motion to dismiss (doc. 23) is GRANTED. In addition, the County's and Rau's motion to dismiss (doc. 25) is GRANTED. Finally, the City's and Donner's cross-motion for summary judgment (doc. 29) is GRANTED. This case is DISMISSED, all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 5th of February January 2013.

_____
Ann Aiken
United States District Judge